

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) Cr. No. 99-0606GT |
| Plaintiff, | ) <br> ) |
| v. | ) ORDER <br> ) |
| GABRIEL GARCIA-OCAMPO, | ) <br> ) |
| Defendant. | ) <br> ) |

Defendant, Gabriel Garcia-Ocampo (Mr. Garcia"), filed a Motion to Dismiss the Order to Show Cause and A Motion to Decline to Impose Custody Because the Supervise Release Regime is Unconstitutional. The Government filed a Motion for Fingerprint Exemplars and a Motion to Admit a Report. The Court has fully considered these matters including a review of the briefs filed, the authorities cited therein and the arguments presented. The motions are addressed separately below.

### BACKGROUND

On May 13, 1999, Mr. Garcia, pled guilty to a one count Indictment, charging him with Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). On August 16, 1999, Mr. Garcia was sentenced to 77 months imprisonment and 3 years supervised release.

Mr. Garcia's supervised release commenced on September 7, 2004. The term of supervised release was due to expired on September 7, 2007.

On August 15, 2007, Mr. Garcia was arrested in Chicago for criminal trespass. Probation executed a Petition for Warrant or Summons on August 29, 2007. The Petition alleged two violations of his supervised release: 1) that he was in the country illegally and 2) that he had not reported to his probation officer within 24 hours of his return. The Court signed the no bail bench warrant on September 4, 2007. Subsequently, on September 12, 2007, the criminal trespass charge was stricken off the record and Mr. Garcia was released from Illinois state custody. His whereabouts was unknown until he was arrested again on July 23, 2009.

On July 23, 2009, Mr. Garcia was arrested in Chicago for armed robbery. He remained in Illinois state custody until he was acquitted of the charge on June 14, 2010. (He was in state custody approximately 11 months while waiting for trial.) He was again released from Illinois state custody and his whereabouts were unknown until he was arrested again on June 30, 2010. The facts surrounding this arrest are not clear.

On July 28, 2010 an Indictment was filed in the Northern District of Illinois charging Mr. Garcia with Deported Alien Found in the United States. Mr. Garcia pled guilty to the charge on October 8, 2010. On January 7, 2011, Mr. Garcia was sentenced to 62 months imprisonment and three years supervised release .

On March 3, 2011, Mr. Garcia was arrested on the underlying warrant. On March 30, 2011, Mr. Garcia was arraigned on the original OSC with allegation one and two. Mr. Garcia denied the allegations. Although Probation had executed an Amended Petition on September 8, 2010 with a third allegation, the third allegation was dismissed by the Government at this time. Mr. Garcia is now before the Court for sentencing for violating the terms of his supervised release.

## CONCLUSIONS OF LAW

**A. Motion to Dismiss OSC**

Mr. Garcia argues that the OSC should be dismissed because the 3 ½ year delay between the issuance of the warrant for violating the terms of his supervised release and the execution of the warrant was unreasonable.

Under 18 U.S.C. §3583(i) the Court retains jurisdiction to revoke a term of supervised release if: 1) a violation warrant or summons was issued before the expiration of the term of supervised release and 2) and the delay between the end of the term and the court's revocation order is "reasonable necessary for the adjudication of matters arising before [the term's] expiration." 18 U.S.C. § 3583(i). Mr. Garcia admits that the warrant was issued before the expiration of his term of supervised release. However, Mr. Garcia contends that the 3 ½ year delay was unreasonable.

The Ninth Circuit has consistently held that the Government's decision not to execute a violation warrant until after the defendant is released from state custody does not violate 18 U.S.C. § 3583(i). United State v. Garrett, 253 F.3d 443, 446 (9th Cir. 2001). Hence, while Mr. Garcia was in Illinois state custody, the Government was not required to execute the warrant and the delay was reasonable. Approximately 12 months of the 3 ½ year delay is attributable to Mr. Garcia being in Illinois state custody (one month on the criminal trespass charge and eleven months on the armed robbery charge). For approximately 6 months of the alleged delay, Mr. Garcia was in federal custody in the Northern District of Illinois resolving the Deported Alien charge.

The remaining 2 year delay is attributable to Mr. Garcia being released from Illinois state custody and his whereabouts were unknown. Mr. Garcia was released from the criminal trespass charge on September 12, 2007 and his whereabouts were unknown until he was arrested on July 23, 2009, which is approximately 2 years. The Government could not execute the warrant because Mr. Garcia's whereabouts were unknown. Mr. Garcia argues that the Government knew his address because it is stated on the Chicago Police Report. However, the police report relates to Mr. Garcia's 2009 arrest for armed robbery. It does not prove that this was Mr. Garcia's residence during the previous two years or that the Government knew where he was.

In short, during the 3 ½ year delay, Mr. Garcia was either in state or federal custody resolving other criminal matters or he was missing and his whereabouts where unknown. Accordingly, the 3 ½ year delay between the issuance of the warrant and its execution was reasonable and the Motion to Dismiss the OSC is **DENIED**.

//

//

**B. Decline to Impose Custody**

Mr. Garcia argues that the court should decline to impose custody because the supervised release scheme is unconstitutional under Apprendi and its progeny. However, the Ninth Circuit has consistently held that the supervised release scheme is constitutional. *See* United States v. Santana, 526 F.3d 1257, 1262 (9th Cir. 2008). Accordingly the Motion to Decline to Impose Custody is **DENIED**.

**C. Fingerprint Exemplars**

The Government requests that Mr. Garcia be fingerprinted by an expert for the United States to prove he is the individual removed on August 24, 1998 and September 23, 2004. Fingerprinting a defendant does not violate the Fifth Amendment prohibition against self-incrimination. United States v. DePalma 414 F.2d 394, 397 (9th Cir. 1969). Accordingly, the Motion for Fingerprint Exemplars is **GRANTED**.

**D. Admit Report**

The Government seeks to admit the Chicago Police Department Criminal History Report indicating Mr. Garcia's 2007 arrest to prove he violated the terms of his supervised release. Since the Rules of Evidence (except for certain privileges) do not apply to revocation hearings, the report may be admitted. Federal Rule of Evidence 1101(d)(3). Additionally, in Mr. Garcia's plea agreement in the Northern District of Illinois, he admitted to entering the United States illegally, which also proves he violated the terms of his supervised release. Accordingly, the Motion to Admit Report is **GRANTED**.

**IT IS ORDERED** that Defendant's Motion to Dismiss OSC is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Decline to Impose Custody is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Fingerprint Exemplars is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Admit Report is **GRANTED**.

7-18-11
date

GORDON THOMPSON, JR.
United States District Judge